STATE OF NORTH CAROLINA v. ANTHONY LEON MOORE

No. COA02-494

(Filed 18 March 2003)

**Appeal and Error— appealability—no contest plea—issues unrelated to sentence disposition or duration**

A defendant's appeal from his no contest plea under N.C.G.S. § 15A-1444(a2) in a habitual driving while impaired case is dismissed, because defendant's two assignments of error do not raise appealable issues related to sentence disposition or duration.

Appeal by defendant from judgment entered 5 December 2001 by Judge Charles H. Henry in Superior Court, Carteret County. Heard in the Court of Appeals 12 February 2003.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III, and Assistant Attorney General, Patricia A. Duffy, for the State.*

> *McCotter, McAfee & Ashton, P.L.L.C., by Rudolph A. Ashton, III and Kirby H. Smith, III, for the defendant-appellant.*

WYNN, Judge.

Anthony Leon Moore, entered a plea of "no contest" to habitual driving while impaired and habitual felon status, and was sentenced in the mitigated range to a term of not less than 90 months and not more than 117 months. He seeks to appeal from his "no contest" plea under N.C. Gen. Stat. § 15A-1444(a2) (2002) which states:

> A defendant who has entered a plea of . . . no contest . . . is entitled to appeal as a matter of right the issue of whether the sentence imposed: . . . (2) Contains a type of sentence disposition that is not authorized [by law; or] (3) Contains a term of imprisonment that is for a duration not authorized [by law].

> . . . .

> (e)  Except as provided in subsection . . . (a2) of this section . . . and except when a motion to withdraw a plea . . . of no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea . . . in superior court, but he may petition the appellate division for review by writ of certiorari.

We, however, find that Moore's two assignments of error do not raise appealable issues related to sentence disposition or duration. *See* N.C. Gen. Stat. § 15A-1444(a2). Accordingly, we must dismiss this appeal.

By his first assignment of error, Moore contends the trial court erred in granting the State a continuance. On 30 May 2001, Moore was arrested, pursuant to a warrant, for failing to appear at trial. On that day, Moore informed the clerk that he wished to plead guilty. On 31 May 2001, the State requested a continuance to seek a habitual DWI indictment. Moore contends that if the continuance had not been

granted, he would have received a less severe sentence upon pleading guilty. However, this assignment of error relates to the trial court's decision to grant a continuance, and does not relate to the sentencing issues set forth in N.C. Gen. Stat. § 15-1444(a2). Therefore, Moore does not have an appeal by right; furthermore, we decline to grant Moore's petition for a writ of certiorari to review this assignment of error.

By his second assignment of error, Moore alleges that the trial court committed plain error in allowing the State to prosecute him for habitual DWI, where the State used the same file number as it had previously used for the underlying DWI charge that was voluntarily dismissed by the State. This assignment of error raises an unfounded issue about the clarity of the charging instrument and does not relate to the sentencing issues set forth in N.C. Gen. Stat. § 15-1444(a2). Therefore, Moore does not have an appeal by right; furthermore, we decline to grant Moore's petition for a writ of certiorari to review this assignment of error.

Dismissed.

Judges TIMMONS-GOODSON and LEVINSON concur.